UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emmett Ray Nall, | ) C/A No. 6:11-2771-JFA-KFM |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Warden McCall; Allen Wilson, | ) |
| Respondents. | ) |

Petitioner, Emmett Ray Nall ("Petitioner"), a self-represented state prisoner housed in the South Carolina Department of Corrections' Perry Correctional Institution in Pelzer, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening. Petitioner is serving a sentence of life imprisonment for burglary and petit larceny, after being convicted and sentenced, pursuant to S.C Code § 17-25-45, in Greenville County General Sessions Court in September 1997.[1]

---

[1] The Court takes judicial notice of Petitioner's state court records posted on the Greenville County 13th Judicial Circuit Public Index Web site and Petitioner's sentencing information posted on the South Carolina Department of Corrections Incarcerated Inmate Search Web site, both of which indicate that Petitioner was sentenced to life imprisonment in September 1997. *See* http://www.greenvillecounty.org/scjd/publicindex/SCJDPublicIndex23/PISearch.aspx?CourtType=G (last visited October 28, 2011); https://sword.doc.state.sc.us/scdc-public/ (last visited October 28, 2011); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government Web sites are inherently authentic or self-authenticating).

1

In the instant Petition, Petitioner seeks to indirectly challenge the validity of his current custody by challenging the constitutionality of two prior state court convictions, entered against him on March 20, 1986 in Cherokee County, which were used to enhance the sentence that he is presently serving. Petitioner previously filed a § 2254 petition in this Court, on May 29, 2007, challenging his 1997 conviction and sentence.[2] In *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC (D.S.C.), Petitioner claimed that his constitutional rights were violated when he pled guilty to two burglary second degree indictments, in Cherokee County General Sessions Court on March 20, 1986, and was sentenced to a term of imprisonment of one-to-six years pursuant to South Carolina's Youthful Offender Act ("YOA"). Petitioner claimed that those two convictions were later unconstitutionally used to enhance his sentence after his 1997 burglary conviction, when Petitioner was sentenced to life imprisonment, based on his classification as a repeat offender under S.C. Code § 17-25-45. In *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC (D.S.C.), this Court granted summary judgment for the respondent and denied Petitioner's § 2254 habeas petition (C/A No. 07-1483, ECF No. 81), and the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal of this Court's judgment (C/A No. 07-1483, ECF No. 92).

In the instant Petition, Petitioner seeks to directly attack the constitutionality of those two March 20, 1986 burglary convictions. However, Petitioner is barred from doing so because Petitioner's 1986 YOA sentences have expired and, under 28 U.S.C. § 2254(b)(1), Petitioner is barred from challenging the convictions because he is no longer

---

[2] The Court takes judicial notice of Petitioner's prior district and circuit court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

in custody pursuant to those two state court judgments. Additionally, the instant Petition is clearly untimely on its face and Petitioner is barred from challenging those two 1986 convictions and his expired sentences that were imposed twenty-five (25) years ago, under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations on § 2254 petitions. Finally, insofar as the instant Petition seeks to indirectly challenge the validity of his 1997 conviction and life sentence, this claim should be dismissed, under 28 U.S.C. § 2244(b)(1), because the claim was already presented and denied in his prior § 2254 petition and Petitioner has not obtained authorization to file a second/successive petition. Accordingly, having reviewed the instant Petition and applicable law, the undersigned recommends that this § 2254 Petition be summarily dismissed, without prejudice and without requiring Respondents to file a return.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district

court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

Petitioner alleges three grounds for relief from his March 20, 1986 burglary convictions and sentences: (1) his guilty pleas were the result of ineffective assistance of counsel (because one attorney represented Petitioner and his three co-defendants, despite an obvious conflict of interest due to one co-defendant's cooperation with the police); (2) his convictions and sentences violated due process (because the defense attorney failed to inform the solicitor that Petitioner and one of the co-defendants were not involved in one of the charged crimes and the defense attorney threatened all four co-defendants that they must all plead guilty and accept their YOA sentences or they would have to go to trial and face the possibility of a fifteen-year sentence for the one crime that they did commit); and (3) his convictions and sentences violated Fed. R. Crim. P. 11 (although Petitioner seeks relief from state court convictions, he alleges that he "was never carried before a judge for sentencing," but "was presented with papers to sign and never went before a judge as required by Fed. R Crim. P. 11"). *See* ECF No. 1, p. 5,7,8,16. Petitioner alleges that he never field a direct appeal but, on February 8, 2010, he filed a state court post-conviction relief ("PCR") application in Cherokee County Common Pleas Court, challenging these convictions and alleging the same three grounds as in the instant § 2254 Petition. ECF No. 1, p. 3. Petitioner alleges that his PCR application was "dismissed due to statute of limitations" on May 12, 2011. *Id.* Petitioner alleges that, on June 6, 2011, he appealed the dismissal of his PCR action to the SC Supreme Court, which summarily dismissed his appeal, on July 14, 2011. ECF No. 1, p. 4.[3]

---

[3] The Cherokee County Seventh Judicial Circuit Public Index indicates that Petitioner's PCR action, 2010-CP-11-00094, was filed on February 9, 2010 and

Petitioner alleges - in his response to the "timeliness of petition" question on his Form AO 241 habeas petition - that he was granted state post-conviction relief ("PCR") from that 1997 sentence, in the form of a vacated sentence and a remand for re-sentencing by the PCR court. However, the South Carolina Supreme Court reversed the PCR court and Petitioner then filed a federal habeas petition in this Court, in C/A No. 07-1483, attacking his 1997 conviction. Petitioner alleges that "for some reason the District Court summarily dismissed the petition without [a] hearing. This left the Petitioner with no other option except to pursue a collateral attack of the prior convictions that were used for purposes of enhancement as allowed by the United State's (sic) Supreme Court." ECF No. 1, p. 14.

## DISCUSSION

The threshold issue in this case is whether Petitioner was "in custody" pursuant to the convictions that he seeks to challenge herein at the time that he filed the instant Petition. If Petitioner was not in custody pursuant to the March 1986 convictions and YOA sentences, then the Petition must be dismissed, because this Court is without subject matter jurisdiction. The Petition and attachments filed by Petitioner clearly establish that Petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2254.

---

dismissed on May 11, 2011. It appears that Petitioner filed motions to alter or amend the judgment on May 12 and 19, 2011, then filed his petition for writ of certiorari to the SC Supreme Court on June 7, 2011. The Index shows that a remittitur order from the SC Supreme Court was filed on August 8, 2011 and another remittitur was filed on September 9, 2011. *See*
http://publicindex.sccourts.org/cherokee/publicindex/PISearch.aspx?CourtType=G (last visited October 28, 2011).

A state prisoner may file "an application for a writ of habeas corpus [if he is] *in custody pursuant to the judgment of a State court*." 28 U.S.C. § 2254(b)(1) (emphasis added). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (internal quotation marks omitted).

The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack at the time his petition is filed*." *Id.* at 490-91 (emphasis added). Moreover, the *Maleng* Court held that

> a habeas petitioner [does not] remain[] "in custody" under a conviction after the sentence imposed for it has fully expired, *merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted*. . . . While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas.

*Id.* at 492 (emphasis added). Similarly, in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (internal citation omitted) (emphasis added), the United States Supreme Court held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *If that conviction is later used to enhance a criminal sentence, the defendant generally may not*

> *challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.*

There is, however, a narrow exception to this general rule for "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id*. at 404. In the instant case, Petitioner alleges that his counsel was ineffective. Accordingly, Petitioner's 1986 convictions were not obtained in violation of the Sixth Amendment for failure to appoint counsel. Petitioner's one-to-six-year YOA sentences for the 1986 convictions have expired. He is currently incarcerated for an unrelated conviction and sentence. Consequently, Petitioner is not "in custody" for the 1986 convictions and therefore cannot challenge those convictions pursuant to § 2254. Accordingly, the instant Petition should be summarily dismissed for lack of jurisdiction.

Additionally, the instant Petition should be summarily dismissed because it is clearly untimely on its face, under 28 U.S.C. §2244(d). On April 24, 1996, the AEDPA became law and put in place a statute of limitations for habeas petitions filed pursuant to § 2254. The AEDPA, in part, states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

Petitioner's convictions became final prior to the enactment of the AEDPA, so Petitioner had until April 24, 1997, one year from the enactment date of the AEDPA, to file a petition challenging those two 1986 convictions. *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998). Petitioner did not file any actions challenging those convictions until February 2010 when he filed a state PCR proceeding, which was denied as untimely. His request for federal habeas relief under § 2254 in this case was filed on October 17, 2011, and is also untimely. Under the AEDPA, Petitioner had to file a federal habeas petition prior to April 24, 1997, unless that time was extended based on pending state proceedings. Properly filed state court challenges to Petitioner's convictions could toll the time for filing for federal habeas relief. 28 U.S.C. §2244(d)(2). The instant Petition, however, reveals that no state proceedings were begun prior to 2010, so the time to file a federal § 2254 petition could not be extended. In fact, according to the Petition, Petitioner's time to file a federal § 2254 petition expired, on April 24, 1997, prior to any state court proceedings being filed.

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The standard habeas petition form (AO-241)

requests information in question number eighteen (18) pertaining to the timeliness of the petition. The question states" [i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). As noted above, Petitioner makes no allegations that he was prevented from timely filing by extraordinary circumstances that were beyond his control. No explanation is given for the delay in filing a § 2254 petition, although the petition is clearly filed beyond the one-year statute of limitations. Petitioner merely alleges that the denials of his state PCR and federal habeas applications challenging his 1997 convictions and life sentence "left the Petitioner with no other option except to pursue a collateral attack of the prior convictions that were used for purposes of enhancement." ECF No. 1, p. 14. Thus, Petitioner is statutorily barred from filing the instant Petition for habeas corpus relief on the grounds alleged.

Finally, insofar as the instant Petition seeks to indirectly challenge Petitioner's 1997 conviction and sentence by directly challenging Petitioner's 1986 convictions, the instant Petition should be dismissed, under 28 U.S.C. § 2244(b)(1), because such a claim constitutes a second or successive claim that was presented and denied in Petitioner's prior habeas corpus application. As noted above, in *Nall v. Bazzle*, C/A No. 6:07-1483-JFA-WMC, Petitioner alleged, among other grounds asserted in his claims seeking habeas relief from his 1997 burglary conviction and life sentence, that the two 1986 convictions (for burglaries which were committed on February 18, 1986 and March 5, 1986) should not have been considered to be two separate, predicate convictions that qualified Petitioner as a recidivist and subjected him to the life sentence based on his "third strike" conviction in

1997. This Court rejected that argument, based on South Carolina and federal case law and statutory law, and the Fourth Circuit affirmed this Court's judgment.  Accordingly, because that claim constitutes a second or successive claim that was presented in Petitioner's prior habeas corpus application, the claim should be dismissed, pursuant to § 2244(b)(1).

### RECOMMENDATION

Accordingly, it is recommended that the instant Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).  Petitioner's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

November 10, 2011
Greenville, South Carolina

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).