IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Emmett Ray Nall, | ) | C.A. No.: 6:11-2771-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden McCall, Allen Wilson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    This matter is before the court upon Petitioner Emmett Ray Nall's objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court dismiss the case without prejudice and without issuance of service of process (ECF No. 10).

    Petitioner is an inmate housed at the South Carolina Department of Corrections' Perry Correctional Institution in Pelzer, South Carolina. He filed this petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted and sentenced in the Greenville County General Sessions Court in September 1997. Petitioner did not file a direct appeal. This court, in *Nall v. Bazzle*, C/A 6:07-1483-JFA-WMC (D.S.C.), granted summary judgment for the respondent and denied Petitioner's § 2254 Habeas request challenging that conviction. Petitioner filed a post-conviction relief (PCR) application in the South Carolina Court of Common Pleas on February 8, 2010, which was ultimately dismissed.

In the present petition, Petitioner seeks to indirectly challenge his current custody by challenging the constitutionality of two prior convictions in state court ("the 1986 convictions") for second degree burglary. Petitioner argues that those convictions were unconstitutionally used to enhance his 1997 conviction for burglary under S.C. Code § 17-25-45. In regards to the 1986 convictions, he argues (1) that his guilty pleas were the result of ineffective assistance of counsel based on a conflict of interest, (2) that his convictions and sentences violated due process, and (3) that his convictions and sentences in state court violated Fed. R. Crim. Pro. 11.

Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## I. LEGAL STANDARD

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* The court remains mindful that Petitioner appears before the court

*pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**II.     DISCUSSION**

The Magistrate Judge recommends that this court dismiss the case without prejudice and without issuance and service of process for three reasons. First, the Magistrate notes that this court is without jurisdiction because the petitioner is not "in custody" pursuant to the conviction that he alleges was obtained in violation of the Constitution or laws of the United States. The United States Supreme Court has interpreted the language of 28 U.S.C. § 2254(b)(1) to require that a petitioner "be 'in custody' under the conviction or sentence under attack at the time the petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The Court rejected the argument that a petitioner was in custody pursuant to a conviction "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.* at 492. The Court has further stated that

> [i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction . . . .

3

*Lackawanna Cnty Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382, (2001)) (extending that rule from motions under § 2255 "to cover § 2254 petitions directed at enhanced state sentences"). Petitioner is presently serving the sentence for the 1997 convictions, which was enhanced due to the 1986 convictions. As a result, the Magistrate concludes that Petitioner is not in custody for the 1986 convictions, and he may not challenge those convictions pursuant to § 2254.[1]

Second, the Magistrate recommends that the petition be dismissed as untimely. Under 28 U.S.C. § 2244(d), a one-year statute of limitations applies, and here, the statute began to run one year after the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). Because Petitioner's convictions became final prior to the enactment of the statue, the statute of limitations began to run on the date the AEDPA was enacted—April 24, 1996—rather that the earlier date when his judgment became final. *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998). Thus, Petitioner had until April 24, 1997 to file his request. Petitioner filed this request for Habeas Corpus on October 17, 2011, and as a result, the petition is untimely. Additionally, though an exception to the statute of limitations exists if there are pending state proceedings, the Petitioner did not file his state PCR until 2010 and fails to qualify for the exception.

Third, the Magistrate suggests that Petitioner's request should be dismissed pursuant to 28 U.S.C. § 2244(b)(1) because it constitutes a second or successive claim.

---

[1] The Magistrate notes that there is an exception to this rule where the conviction used to enhance the sentence was obtained in violation of the Sixth Amendment for failure to appoint counsel. *See id.* at 404 (citing *Custis v. United States*, 511 U.S. 485, 496–97 (1994). Because Petitioner does not allege this "unique constitutional defect," he cannot challenge the 1986 convictions pursuant to § 2254. *Id.* (citing *Custis*, 511 U.S. at 496).

4

Section 2244(b)(1) mandates that a "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Petitioner's request seeks to indirectly challenge his 1997 convictions by directly challenging the 1986 convictions. This court has already heard and rejected Petitioner's argument that the two state court convictions from 1986 should not have been considered two separate, predicate convictions qualifying Petitioner as a recidivist and resulting in a life sentence in 1997. *See Nall v. Bazzle*, C/A 6:07-1483-JFA-WMC (D.S.C.). The current petition, therefore, constitutes a second or successive claim to the prior Habeas Corpus application and should be dismissed pursuant to § 2244(b)(1). For those reasons, the Magistrate concludes that the Petition should be dismissed for lack of jurisdiction.

In this case, Petitioner filed a "Petitioner's Brief" (ECF No. 15) before he received the Magistrate's R&R. The court will treat the brief as an amendment to his petition. The Petitioner's brief reiterates his arguments and raises an additional ground for relief, alleging that labeling the 1986 convictions a violent crime for purposes of the recidivist statute violated the Constitution's prohibition against ex-post facto laws. Though petitioner concludes that this requires the court to vacate the 1986 convictions, the argument indirectly challenges the 1997 convictions. Therefore, this additional argument, as with the arguments that the Magistrate addressed, is barred by 28 U.S.C. § 2244(b)(1) because it constitutes a second or successive claim that was presented and denied in Petitioner's prior Habeas Corpus application. *See Nall v. Bazzle*, C/A 6:07-

1483-JFA-WMC (D.S.C.). Moreover, this argument is also untimely for the reasons the Magistrate noted in the R&R.

After receiving the Magistrate's report, the Petitioner filed his objections (ECF No. 18). In his objections, Petitioner insists that he is permitted to challenge the prior convictions because his current sentence was enhanced as a result of the prior convictions. Petitioner cites *McDuffie v. State*, 277 S.E.2d 595 (S.C. 1981) to support his argument. Petitioner's reliance on *McDuffie* is misplaced because that case concerns a PCR application arising under S.C. law while the petition in this case was filed pursuant to federal law. Petitioner also relies on *Ferguson v. Boyd*, 397 F. Supp. 129 (W.D. Va. 1975), *reversed by* 566 F.2d 873 (4th Cir. 1977) to support his position. He argues that he is currently detained pursuant to the prior conviction because his current conviction was enhanced by the prior conviction. In *Maleng v. Cook*, cited by the Magistrate, the United States Supreme Court expressly rejected this argument, holding that a lower court stretched the language of the statute "too far" when it held that a prisoner was "in custody" pursuant to a conviction "simply because that conviction has been used to enhance a current or future sentence imposed for a subsequent conviction." *Maleng*, 490 U.S. at 491. Finally, Petitioner does not argue that his case fits within the exception to this general rule where the alleged constitutional deficiency was the failure to appoint counsel as required by the Sixth Amendment. Accordingly, the objections are hereby overruled.

### III. CONCLUSION

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the petition is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*(signature: Joseph F. Anderson, Jr.)*

December 14, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge